# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY ALLEN TAYLOR, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-18-55-M |
| COMANCHE COUNTY DETENTION CENTER, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Partial Motion to Dismiss, filed February 14, 2018. On February 28, 2018, plaintiff filed his response. On March 2, 2018, defendants filed their reply and amended reply.

## I. Introduction

On January 19, 2018, plaintiff filed the instant action. Plaintiff alleges that on or about June 7, 2017, he was incarcerated in the Comanche County Detention Center ("CCDC") and was attacked by another prisoner, Greg Stanga. Plaintiff further alleges three correctional officers were present near him but they separated themselves from the assault and failed to protect him, stop the assault, or in any way defend him. Plaintiff, therefore, alleges that defendants failed to take adequate measures to afford proper and adequate protection to him or to defend him from his attacker. Defendants now move this Court to dismiss certain claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

II.  Motion to dismiss standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted).  Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted).  Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.  Discussion

A.  Defendant CCDC

Defendant CCDC asserts that it is not a legal entity subject to suit and that plaintiff's claims against it should be dismissed for failure to state a claim upon which relief can be granted. Specifically, defendant CCDC asserts that under Oklahoma law, it does not enjoy a separate legal

existence from the Comanche County Facilities Authority. In his response, plaintiff states that if the proper defendant is Comanche County Facilities Authority instead of CCDC, plaintiff has no objection to substituting the Comanche County Facilities Authority as a defendant in place of CCDC. In their reply, defendants do not object to such a substitution.[1]

Accordingly, the Court finds that defendant CCDC should be dismissed and that Comanche County Facilities Authority should be substituted as a defendant in place of defendant CCDC.

B.     State law negligence claim

Defendants assert that plaintiff has failed to state a plausible state law negligence claim. Specifically, defendants contend that defendant Board of County Commissioners of Comanche County ("Board") has complete tort immunity from plaintiff's negligence claim under the Oklahoma Governmental Tort Claims Act ("OGTCA").

Okla. Stat. tit. 51, § 155(25) provides:

> The state or a political subdivision shall not be liable if a loss or claim results from:
> *          *          *
> (25)  Provision, equipping, operation or maintenance of any prison, jail or correctional facility, or injuries resulting from the parole or escape of a prisoner or <u>injuries by a prisoner to any other prisoner</u>; provided, however, this provision shall not apply to claims from individuals not in the custody of the Department of Corrections based on accidents involving motor vehicles owned or operated by the Department of Corrections; . . . .

Okla. Stat. tit. 15, § 155(25) (emphasis added). Because plaintiff's state law negligence claim is based on the injuries plaintiff sustained when another prisoner attacked him, the Court finds that

---

[1] Specifically, defendants concede that such a substitution would not be futile and would be proper with regard to plaintiff's 42 U.S.C. § 1983 claim but would be futile with regard to plaintiff's state law and 42 U.S.C. § 1985 claim. Because the Court finds that plaintiff's state law and 42 U.S.C. § 1985 claims should be dismissed, any futility as to substituting the Comanche County Facilities Authority for CCDC with respect to these claims is moot.

3

under the OGTCA, defendant Board is not liable for said claim. Accordingly, the Court finds that plaintiff's state law negligence claim should be dismissed as to defendant Board.

Defendants also contend that plaintiff's state law negligence claims against defendants William Hobbs ("Hobbs") and Kenny Stradley ("Stradley") are improper under Oklahoma law. The OGTCA provides that "[i]n no instance in any . . . action shall an employee of the state or of a political subdivision of the state acting within the scope of employment be named as a defendant; . . . ." Okla. Stat. tit. 51, § 153(C). Because plaintiff does not allege that defendants Hobbs and Stradley were acting outside the scope of their employment, and because the only conclusion that can be drawn from the allegations set forth in plaintiff's Complaint is that these defendants were acting within the scope of their employment, the Court finds that plaintiff cannot bring his state law negligence claims against defendants Hobbs and Stradley. Accordingly, the Court finds that plaintiff's state law negligence claims should be dismissed as to defendants Hobbs and Stradley.

C. Oklahoma constitutional claim

Defendants contend that plaintiff has failed to state an Oklahoma constitutional claim against defendants that is plausible on its face. In his Complaint, plaintiff alleges: "Defendants' actions violate the Oklahoma Constitution Article 2, §30 and Oklahoma Common Law, **Bosh v. Cherokee Co. Gov. Building Authority**, 305 P.3d 994 (Okl. 2013)." Complaint [docket no. 1] at ₱ 12. Further, in his response, plaintiff asserts that in *Bosh*, the Oklahoma Supreme Court specifically held a detainee could hold a county jail responsible where its employees allow harm to inmates.

In *Bosh*, the Oklahoma Supreme Court specifically held:

> The Okla. Const. art 2, § 30 provides a private cause of action for excessive force, notwithstanding the limitations of the Oklahoma Governmental Tort Claims Act, 51 O.S.2011 §§ 151 et seq. . . . The common law theory of *respondeat superior* applies to municipal

4

> liability under such an action to determine when an employee of a
> municipality uses excessive force within the scope of employment.

*Bosh v. Cherokee Cty. Bldg. Auth.*, 305 P.3d 994, 1004 (Okla. 2013). Upon review of *Bosh*, the Court finds that the holding in *Bosh* is limited to excessive force claims based upon force used by an employee of a municipality and does not apply to cases where the force is used by a non-governmental actor. As the instant case involves the use of force by a fellow prisoner, the Court finds that *Bosh* is inapplicable and that plaintiff has failed to state an Oklahoma constitutional claim against defendants.

### D. 42 U.S.C. § 1985 claim

Defendants assert that plaintiff has failed to allege a § 1985 claim against defendants which is plausible on its face. In order to prevail on a claim under 42 U.S.C. § 1985(3), a plaintiff must show: "(1) the existence of a conspiracy (2) intended to deny them equal protection under the laws or equal privileges and immunities of the laws (3) resulting in an injury or deprivation of federally-protected rights, and (4) an overt act in furtherance of the object of the conspiracy." *Murray v. City of Sapulpa*, 45 F.3d 1417, 1423 (10th Cir. 1995) (internal citations omitted). Further, "§ 1985(3) does not apply to all tortious, conspiratorial interferences with the rights of others, but rather, only to conspiracies motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (internal quotations and citation omitted). Finally, "[t]he other 'class-based animus' language of this requirement has been narrowly construed and does not, for example, reach conspiracies motivated by an economic or commercial bias." *Id.* (internal citation omitted).

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true, and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not set forth sufficient factual allegations to state a § 1985 claim against

defendants. Specifically, the Court finds that plaintiff has set forth no factual allegations that any alleged conspiracy was motivated by any class-based animus. Accordingly, the Court finds that plaintiff's § 1985 claim should be dismissed.

IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendants' Partial Motion to Dismiss [docket no. 6], DISMISSES defendant Comanche County Detention Center, and DISMISSES plaintiff's state law negligence claim, Oklahoma constitutional claim, and 42 U.S.C. § 1985 claim. Additionally, the Court FINDS that Comanche County Facilities Authority should be substituted as a defendant in place of defendant CCDC.

**IT IS SO ORDERED this 31st day of August, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE